## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00799-WDM-CBS

TIMBER DOODLE GLADE EQUITY VENTURE, LLC,
HILL, WILLIAMS & HICKS, LLC, and
DON JOHNSON

       Plaintiffs,

v.

D. E. SHAW LAMINAR LENDING, INC.

       Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

Plaintiffs Timber Doodle Glade Equity Venture, LLC, Hill, Williams & Hicks, LLC and Don Johnson (collectively, the "Plaintiffs"), and Defendant D.E. Shaw Laminar Lending, Inc. ("Laminar"), by and through their respective counsel, (Plaintiffs and Defendant are referred to as the "Parties"), hereby stipulate to the entering of a Protective Order as set forth herein.

## I. RECITALS

1.    The Parties seek the entry of a Protective Order in the interest of expediting discovery and trial of this action and permitting the same to proceed without delay, and the recognition that some documents that may be produced either by a Party or certain non-parties, are deemed confidential or otherwise contain trade secrets, confidential information or other proprietary information.

2.    The Parties wish to exchange information related to the issues in dispute in the contested matter and wish to protect confidential information from disclosure or use other than for pursuing their interests in the Action.

## II. AGREEMENT

NOW, THEREFORE, in consideration of the covenants set forth herein, the parties to this agreement hereby agree as follows:

1.   Any pleading, motion, request for discovery, response to a discovery request, transcript, exhibit or document which contains confidential information may be designated as subject to this Protective Order by placing the word "Confidential" on the first page of the document.   All "Confidential" documents and information shall be used by the Parties solely for the purpose of preparing for and conducting pre-trial, trial and post-trial proceedings in this action, and not for any other purpose or function.

2.   Depositions and transcripts of depositions containing confidential information shall be designated as subject to this Protective Order by counsel for the party asserting the protection of this Protective Order at the deposition and by stating by letter sent to all counsel within thirty (30) days after receipt of the deposition transcript which pages of the transcript contain confidential information.   Until this letter is received by all counsel within the 30-day period, all information for which confidentiality was asserted at the deposition shall be treated as confidential information.    If no letter designating which pages of the deposition contain confidential information is sent within the 30-day period, confidentiality with respect to any information shall be deemed waived.

3.   If any document designated to be "Confidential" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such "Confidential" information shall be sealed and stamped as "Confidential" and access thereto shall be limited pursuant to the other terms of this Protective Order.

4.   Any party may object to the propriety of the designation (or redesignation) of materials as "Confidential" by serving a written objection on the producing person's counsel within seven (7) calendar days of being notified of such designation or within seven (7) days of this Agreement, whichever is later.   The producing person shall thereafter, within five (5) business days, respond to such objection by either: (a) agreeing to remove the designation; or (b) stating the reasons why the designation was made.   Thereafter, if the objecting party and the producing person are subsequently unable to agree, the producing person shall move the Court within seven (7) calendar days of receiving written notice that the non-producing party is pressing its objection for an Order maintaining the disputed designation.   If the producing person does not so move, the material will no longer be subject to "Confidential" treatment.

5.   The inadvertent production of any privileged material shall not be deemed a waiver or impairment of any claim or privilege, including, but not limited to, the attorney-client or work product privilege, concerning any such material or the subject matter thereof.

6.   This Protective Order, insofar as it restricts the communication and use of material, shall continue to be binding throughout and after the conclusion of this action, including all appeals and the final execution or implementation of any judgment entered, and counsel hereby agree to the following requirements:

(a) Counsel shall take reasonable steps to reclaim all "Confidential" material produced by another person from anyone known to have received copies thereof.

(b) Following the conclusion of the action and any appeals therefrom, counsel shall destroy or return all copies of material designated under this Protective Order to the producing person upon its request.

(c) Counsel shall certify by affidavit compliance with Paragraph 5(b).

7.   Confidential information designated by a party shall not be disclosed or revealed to any other person by any other party except the following (and their clerical, secretarial, paralegal and support staff):

(a) Outside counsel representing the parties in this action, members, associates and employees of their respective firms;

(b) Outside consultants or experts, and their associates and employees, who are retained or become involved on behalf of a party in this litigation to provide advice or testimony where disclosure is required in connection with the giving of such advice or testimony;

(c) The Court, its staff and jury;

(d) Court reporters who record depositions or trial testimony in litigation;

(e) The parties themselves;

(f)  Necessary deponents; and

(g) Potential fact witnesses.

8.   Each person described in paragraphs 6(b), 6(e), 6(f) and 6(g) who is given access by counsel of record to confidential information shall be advised of this Protective Order and shall agree to abide by it by signing the Agreement to be Bound by the Terms of Protective Order attached hereto as "**Exhibit A**".

9.   All transcripts, depositions, exhibits, requests for discovery, responses to a discovery request, answers to interrogatories, and other documents filed with the Court which had been designated by any party as containing confidential information, and all pleadings and memoranda purporting to reproduce, summarize, paraphrase or otherwise set forth such

information to be filed with the Court, shall, unless otherwise agreed to in writing by the parties, be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, the name of the filing party, an indication of the nature of the contents of such sealed envelope or other container, the word "Confidential" and the following statement:

> Documents contained herein are subject to a Protective Order.   This envelope is not to be opened nor its contents to be displayed or revealed except by Order to this Court.

10. All persons receiving access to confidential information shall not disseminate such information to anyone or make a public disclosure of such information or use such information except as permitted by this Protective Order.   Unless agreed otherwise by the parties, no disclosure will be made except under Order of Court.   Confidential information may be used by the recipient solely for purposes of this action and may be so used in testimony given by deposition, or at the trial, or in papers filed in this action, or offered in evidence at the trial of this action subject to the requirements of this Protective Order.

11. This Protective Order shall remain in effect until modified, superseded or terminated by Order of the Court or further stipulation of the parties even though this action may be terminated.

**STIPULATED AND AGREED TO**

TIMBER DOODLE GLADE EQUITY VENTURE, LLC

By:  *s/ Kate E. Manka*

Its:  Attorney _____

HILL, WILLIAMS & HICKS, LLC

By:  *s/ Kate E. Manka* _____

Its:  Attorney _____


DON JOHNSON

By:  *s/ Kate E. Manka* _____

His:  Attorney _____

D.E. SHAW LAMINAR LENDING, INC.

By:  *s/ John F. Young* _____

Its:  Attorney _____


DATED at Denver, Colorado, this 20th day of February, 2007.


BY THE COURT:


*s/Craig B. Shaffer* _____

Craig B. Shaffer

United States Magistrate Judge

**AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER**

I acknowledge that I have read and that I understand the terms of the Stipulation and Protective Order entered by the United States District Court in the case styled *Timber Doodle Glade Equity Venture, LLC, Hill, Williams & Hicks, LLC, and Don Johnson v. D.E. Shaw Laminar Lending, Inc*., United States District Court, District of Colorado, Case No. 06-CV-00799 WDM-CBS, and hereby agree to abide by its terms and conditions.  I also understand that any violation of the Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of court and other damages.  I consent to jurisdiction of the United States District Court for the District of Colorado with regard to any violation of the Protective Order.

Dated: _____          _____

                                          Signature

                                          _____

                                          Address

                                          _____