IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00799-WDM-CBS

TIMBER DOODLE GLADE EQUITY VENTURE, LLC,
HILL WILLIAMS & HICKS, LLC, and
DON JOHNSON,

      Plaintiffs,

v.

D.E. SHAW LAMINAR LENDING, INC.

      Defendant.

## ORDER ON MOTION TO STRIKE JURY DEMAND

Miller, J.

This matter is before the court on the Motion to Strike Jury Demand (doc no 63) filed by Defendant D.E. Shaw Laminar Lending, Inc. ("Lender"). Plaintiffs oppose the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion is granted.

### Background

This case has its origins in the bankruptcy proceedings of Plaintiffs Timber Doodle Glade Equity Venture, LLC and Hill, Williams & Hicks, LLC (collectively, the "Debtors"), each of which was the record owner of two properties in Aspen, Colorado (the "Properties"). The Properties were used as a residence by Plaintiff Don Johnson ("Johnson"). In an effort to avert foreclosure on the Properties, the Debtors filed a chapter

11 petition for bankruptcy reorganization (Case No. 04-17597-MER and Case No. 04-17602-MER)[1]. As part of the reorganization, Debtor obtained a loan from Lender in exchange for a first priority lien and security interest in the Properties. *Id.* The Bankruptcy Court conducted a confirmation hearing regarding the reorganization and thereafter entered an order approving the plan. In the order, the Bankruptcy Court found that the plan was proposed in good faith, that the terms of the loan were negotiated at arms' length and in good faith between Debtors and Lender, that Lender had acted in good faith in negotiating the financing, and that Lender had taken no wrongful or improper action in regard to the plan, the financing arrangement or the loan documents.

Lender thereafter declared Debtors in default. The Properties were eventually sold to a third party and Plaintiffs initiated this action; the complaint makes a demand for a jury trial. Several claims and factual issues were disposed of in my order (doc no 57) granting in part Lender's motion to dismiss. Lender now seeks to strike Plaintiffs' jury demand on the grounds that the loan agreement contains a waiver of the right to a jury. The waiver is in section 9.4 of the loan agreement, just above the signature line, and is set forth as follows:

> 9.4 <u>Waiver of Jury Trial</u>: EACH OF THE BORROWERS, GUARANTORS AND LENDER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY AND ALL RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS AGREEMENT, THE DEEDS OF TRUST, OR ANY OTHER LOAN DOCUMENT, OR ANY COURSE OF CONDUCT,

---

[1]Although Plaintiffs' Complaint and Amended Complaint do not refer to the bankruptcies, on a motion to dismiss I may take notice of public records without converting the motion to one for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006).

COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF BORROWERS, GUARANTORS OR LENDER RELATING TO THE LOAN AND/OR THE LENDING RELATIONSHIP WHICH IS THE SUBJECT OF THIS AGREEMENT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS.

Exhibit 1 (doc no 63-2) to Motion to Strike Jury Demand. The loan agreement was signed by all Plaintiffs as either borrowers or guarantors. Plaintiffs contend their waiver was not voluntary and, therefore, not enforceable.

### Discussion

It is well established in the Tenth Circuit that agreements waiving the right to trial by jury are neither illegal nor contrary to public policy. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (citations omitted). The burden of proving a voluntary and knowing waiver is on the party seeking to enforce the waiver. *See, e.g., Phoenix Leasing Inc. v. Sure Broadcasting, Inc.*, 843 F. Supp. 1379, 1384 (D. Nev. 1994). In determining the validity of such a waiver, another court in this district has found helpful the non-exclusive factors summarized in *Allyn v. Western United Life Assurance Co.*, 347 F. Supp. 2d 1246 (M.D. Fla. 2004). *See Postnet Int'l Franchise Corp. v. Amercis Int'l, Inc.*, Case No. 06-cv-00125-PSF-BNB 2006 WL 1775599 (D. Colo. June 26, 2006). These factors include: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. *Allyn*, 347 F. Supp. 2d at 1251.

Lender argues that consideration of these factors demonstrates that the Plaintiffs

3

knowingly and voluntarily waived their right to trial.  They note that the waiver is conspicuous and straightforward.  In addition, Lender argues that the Plaintiffs are sophisticated and educated, as demonstrated by their experience with real estate and business transactions.  As to the third and fourth factors, Lender notes that Plaintiffs negotiated with four other lenders regarding financing the Properties and engaged in significant bargaining and negotiation in connection with the reorganization and loan transaction.  Lender contends that the representations made to the Bankruptcy Court and the court's approval of the terms of the reorganization are further evidence of Plaintiffs' opportunity to bargain on terms.  Finally, it is undisputed that Plaintiffs were represented by counsel in the bankruptcy litigation, reorganization, and loan transaction.

In response, Plaintiffs argue that Plaintiff Don Johnson was not personally involved in the negotiations of any of the loan documents but rather left that to his agents.  However, Plaintiff Johnson is bound by the acts of his agents and he is charged with knowledge of documents he signs. See Day v. Snowmass Stables, 810 F.Supp. 289, 294 (D.Colo. 1993) (noting that in the absence of fraud or concealment, one who has signed a document without reading it cannot deny knowledge of its contents).  This does not provide a valid basis for finding that Johnson did not knowingly and voluntarily waive his rights in this regard.  In addition, Plaintiffs argue that Lender drafted the loan documents and that Plaintiffs understood it was a take-it-or-leave it deal.  However, Lender has presented undisputed evidence that Plaintiffs had the ability to negotiate with other lenders and that there was some back and forth in connection with the parties' negotiations.  Finally, Plaintiffs assert that not all of the claims fall within the scope of the waiver.  I

disagree. The waiver is quite comprehensive and all of Plaintiffs' claims arise out of the agreement and/or its performance.

I conclude that Lender has satisfied its burden to demonstrate that Plaintiffs voluntarily agreed to waive their right to a jury trial. I find that the waiver is conspicuous and clear. Plaintiffs are relatively sophisticated and had a choice of lenders, as well as the protections of the Bankruptcy Court, in negotiating the terms of this agreement. Moreover, Plaintiffs represented to the Bankruptcy Court that the agreements were negotiated at arm's length; the Bankruptcy Court specifically found that the terms in the financing documents were "legal, valid, binding and authorized" and therefore enforceable. Finally, Plaintiffs were represented by counsel throughout the process. The evidence presented demonstrates that the waiver is enforceable and Plaintiffs' arguments to the contrary are unavailing.

Accordingly, it is ordered:

1. The Motion to Strike Jury Demand (doc no 63) is granted. Plaintiffs' claims will be resolved in a trial to the court.

DATED at Denver, Colorado, on December 4, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

5